PER CURIAM:
Claimant, Della N. Collins, seeks an award from the Division of Highways for property damage sustained to her automobile in a single-vehicle accident which took place at approximately 3:00 p.m. on March 30, 1992, on 16th Street in Huntington, West Virginia.
*201 Claimant was operating her automobile, a 1985 Ford Escort, on 16th Street when she drove her automobile onto the berm and it dropped off the side of the road, causing damage to the vehicle in the amount of $1,712.81. The damage to the vehicle was to the undercarriage and the wheels, and the car was totally destroyed.
Claimant testified that she was traveling at a speed of approximately forty-five miles per hour with her roommate, Christina Craig, from the town of Barboursville to the city of Huntington on 16th Street when she saw a vehicle in her rear view mirror that was beginning to pass her in the left driving lane. She attempted to drive to the right side of the road to give the vehicle more room to pass, when her vehicle dropped off the side of the road into a trench-like hole that was approximately 16 inches wide and 10 inches deep. When the automobile went into the hole, a strut was pushed through the hood of the vehicle, the undercarriage was damaged, and both tires on the right side were flattened. Claimant was not aware of the hole before her vehicle struck it. She stated that the hole appeared to be a dip in the road that was filled with water and that in order for her vehicle to hit the hole, she would have to have driven off the roadway. She also stated that the vehicle trying to pass her was not in her lane of traffic.
For the claimant, Officer David M. Tackett, from the Huntington Police Department, testified that he investigated the accident and he described the hole as being a “washed-out ditch” alongside the road, but not on the roadway itself.
The Court has, in past decisions, held that a lower standard of care and maintenance is required for the berm or shoulder of a public road than for the regularly traveled portion of the road, this being the so-called New York rule. An exception to the rule, recognized both in New York and West Virginia, is that the higher standard of care and maintenance required for the traveled portion of the road will be applied for the shoulder when an emergency requires it. See Retzel v. State, 94 Misc. 2d 562, 405 N.Y.S. 2d 391 (1978).
The Court finds, as a matter of fact, that the claimant was not faced with an emergency which required her to drive her vehicle off the roadway onto the berm area. It is well established in the law that a driver who proceeds onto the berm takes it as is with any defects. Thus, claimant hereinabove onto a less than perfect berm, but the Court is constrained to deny this claim.
Claim disallowed.